UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:24-cv-24175-SCOLA/Sanchez

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| IN AND OUT APPLIANCES, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**AFFIDAVIT OF COMPLIANCE FOR SUBSTITUTED SERVICE
PURSUANT TO FLA. STAT. § 48.161**

STATE OF FLORIDA          )
COUNTY OF MIAMI-DADE  )

**BEFORE ME**, the undersigned authority, this day personally appeared MARK A. SALKY, who being by me first duly sworn, under oath, deposes and says that:

1. I am over eighteen years of age and have personal knowledge of the matters set forth herein.

2. I am counsel for Plaintiff JPMorgan Chase Bank, N.A. ("Plaintiff" or "JPMorgan") in the above captioned lawsuit.

3. I submit this affidavit pursuant to Section 48.161, Florida Statutes, in support of Plaintiff's compliance with that section in effectuating substituted service of process on Defendant In and Out Appliances, LLC ("Defendant" or "In and Out Appliances"), through the Florida Secretary of State, Division of Corporations ("Secretary of State").

4. Plaintiff initially sought to effectuate service of process on In and Out Appliances, a Florida limited liability company, through its registered agent, Josniel Barreto ("Barreto"), at 304 Northwest Drive, Miami, Florida 33126 (the "304 Northwest Drive Address").

5. The 304 Northwest Drive Address is the only address listed on Defendant's most recently filed annual report and in the records of the Secretary of State. A copy of Defendant's most recent annual report and the records of the Secretary of State is attached hereto as **Exhibit A** (listing the 304 Northwest Drive Address as both the principal address and mailing address for Defendant, as well as the address for Barreto as registered agent).

6. Defendant's most recently filed annual report and records of the Secretary of State further reflect that no other individual is associated with In and Out Appliances other than Barreto. *See* **Exhibit A**.

7. Upon issuance of the summons in this case, Plaintiff immediately engaged a third-party process server to personally serve Defendant with the summons and complaint through Barreto, as registered agent for In and Out Appliances, at the 304 Northwest Drive Address.

8. The process server attempted personal service on Barreto at the 304 Northwest Drive Address two times on October 30, 2024 and November 7, 2024. Each time, the process server spoke with the same individual at the 304 Northwest Drive Address, who stated that he did not know of Defendant or Barreto, and that Barreto did not reside there. A copy of the process server's affidavit of nonservice is attached hereto as **Exhibit B**.

9. The second service attempt at the 304 Northwest Drive Address occurred at 10:01 a.m., during which time Defendant was required to (1) "cause the designated registered agent to keep the designated registered office" open, and (2) "cause the designated registered agent to keep

2

one or more individuals who are, or are representatives of, the designated registered agent on whom process may be served at the office[.]" Fla. Stat. § 48.091(3).[1]

10. Accordingly, Defendant failed to comply with the requirements set forth in § 48.091(3) by failing to have a registered agent present at the statutorily required time. Further, and in light of the information conveyed to the process server and through subsequent investigation, it appears that Defendant has failed to maintain an office for its registered agent or, at the very least, failed to update its address if it in fact has changed.

11. Thereafter, JPMorgan conducted a diligent search in attempting to locate Defendant, Barreto, or another individual authorized to receive service of process on Defendant's behalf. That search included (1) reviewing public records and other electronic records available online; (2) using Accurint, a program that "quickly and reliably" is used to "locate people" and "companies" in similar circumstances as here;[2] and (3) hiring a private investigator.

12. The investigation revealed an alternative address at which counsel believed Barreto resided and could be personally served, 14916 SW 34th St., Miami, FL 33185 (the "14916 SW 34th Street Address"). This belief was based on the fact the co-signer on the bank account at issue in this lawsuit, Carolyna Iglesias, resides at the 14916 SW 34th Street Address, according to one of the Accurint reports JPMorgan pulled as part of its due diligence investigation. A copy of In and Out Appliances' (i) Business Signature Card, which was signed by Carolyna Iglesias, and (ii)

---

[1] Although the first service attempt occurred outside the hours in which Defendant was required to have its registered agent keep its office open, see § 48.091(3), the process server nevertheless gleaned the same information about Defendant and Barreto from the same individual during each service attempt at the 304 Northwest Drive Address.

[2] https://www.lexisnexis.com/en-us/products/accurint-for-legal-professionals.page?srsltid=AfmBOoquEGnYRLPSwRzQBYpD-a3K_smXf2FSoYEc2JprAjpXGmss88dp (last accessed Jan. 14, 2025).

Business Depository Certificate, which lists Carolyna Iglesias as signer, both of which Defendant submitted to JPMorgan, is attached hereto as **Exhibit C**.

13. The undersigned accordingly instructed the process server to attempt service on Barreto at the 14916 SW 34th Street Address. On the first service attempt, the process server spoke with Gabriela Iglesias, who lived at the 14916 SW 34th Street Address, and noted that the "subject," Barreto, did not and was without a forwarding address for him. A copy of the second process server's affidavit of service is attached hereto as **Exhibit D**, which details the process server's three attempts at personal service at the 14916 SW 34th Street Address.

14. It is unclear whether Carolyna Iglesias is the same individual as Gabriela Iglesias, or at a minimum is related to Gabriela Iglesias, and was authorized to receive service on behalf of Defendant as the co-signer on the bank account. Carolyna Iglesias also may have had motive to conceal the whereabouts of Barreto given her connection to Defendant's JPMorgan bank account.

15. The undersigned then instructed the process server to reattempt service at the 14916 SW 34th Street Address.

16. The process server then attempted service another two times at the 14916 SW 34th Street Address before ultimately effectuating personal service on an individual named Enrique Gonzalez, who resided at the residence with Carolyna Iglesias.

17. To date, counsel has been unable to confirm whether Carolyna Iglesias is authorized to receive service on behalf of Defendant and as prescribed by Florida law.

18. Further, and despite counsel's diligence in investigating the whereabouts of Defendant and Barreto, counsel has been unable to identify other places where Defendant may be personally served with process at this time. As a result, Plaintiff has been unable to effectuate personal service of process on Defendant.

19. Fla. Stat. § 48.062(3) provides, in part:

[I]f the registered agent of the domestic limited liability company ... cannot otherwise be served after one good faith attempt because of a failure to comply with this chapter or chapter 605, the process may be served on any of the following:

(a) Any manager of a manager-managed domestic limited liability company or registered foreign limited liability company.

(b) Any member of a member-managed domestic limited liability company or registered foreign limited liability company.

(c) Any person listed publicly by the domestic limited liability company or registered foreign limited liability company on its latest annual report, as most recently amended.

20. Fla. Stat. § 48.062(4) further provides:

If, after due diligence, the process cannot be completed under subsection (2) and if either:

(a) The only person listed publicly by the domestic limited liability company or registered foreign limited liability company on its latest annual report, as most recently amended, is also the registered agent on whom service was attempted under subsection (2); or

(b) After due diligence, service was attempted on at least one person listed publicly by the domestic limited liability company or registered foreign limited liability company on its latest annual report, as most recently amended, and cannot be completed on such person under subsection (3),

the service of process may be served as provided in s. 48.161 on the Secretary of State as an agent of the domestic limited liability company[.]

21. Because the only person listed on Defendant's latest annual report is also the registered agent on whom service was attempted pursuant to § 48.062(2) (*i.e.*, Barreto), Plaintiff was permitted to effect service of process on Defendant by serving the Secretary of State. *See* Fla. Stat. § 48.062(4).

22. Although not necessary here to effectuate service under Fla. Stat. § 48.161, the undersigned further believes that Defendant and Barreto, as its registered agent, are concealing

5

their whereabouts such that substituted service of process on the Secretary of State is also proper under Fla. Stat. § 48.181. In support, counsel points to the following:

    a. Plaintiff's inability to serve Defendant at its principal place of business, mailing address, and address of its registered agent because of Defendant's failure to comply with Fla. Stat. § 48.091(3);

    b. The fact that the individual at the 304 Northwest Drive Address with whom Plaintiff's process server spoke did not know Defendant or Barreto and stated that Barreto did not reside there;

    c. Plaintiff's inability to locate Defendant, Barreto, or other individual authorized to receive service of process on Defendant's behalf, despite Plaintiff's diligent investigation into Defendant's whereabouts for purposes of effectuating personal service; and

    d. The facts underlying this lawsuit as alleged in the Complaint, which involves the cashing of counterfeit checks by Defendant into an account Defendant opened at JPMorgan and the account's subsequent overdraft, and JPMorgan's attempt to contact Defendant without any response or communication from Defendant. [D.E. 1 ¶ 11]. Indeed, the allegations in the Complaint demonstrate that this lawsuit directly arises out of a "transaction or operation with or incidental to any business of business venture" that Defendant "carrie[s] on in" Florida as a Florida limited liability company. Fla. Stat. § 48.181.

    23. The foregoing demonstrates that Plaintiff has made a "diligent inquiry and exerted an honest and conscientious effort appropriate to the circumstances to acquire the information

necessary to effectuate personal service," reasonably employed its own knowledge to attempt service, and made an appropriate number of attempts to serve Defendant. *See* Fla. Stat. § 48.161(4).

24. As a result, on December 20, 2024, Plaintiff submitted the appropriate documents to effectuate substituted service of process on Defendant to the Secretary of State via its online service, in compliance with § 48.161.

25. On January 10, 2025, the Secretary of State accepted service of process for Defendant. [D.E. 11]. Defendant was served with process on December 20, 2024, the date service was received by the Secretary of State. *See* Fla. Stat. § 48.161(7) ("Service of process is effectuated under this section on the date the service is received by the Department of State.").

26. In compliance with § 48.161(2), on January 15, 2025, on behalf of Plaintiff, undersigned counsel sent by UPS Overnight Mail, signature required, a copy of the process documents along with the substituted service confirmation to Defendant at Defendant's last known address, which is the 304 Northwest Drive Address. The UPS Overnight confirmation of the delivery of these documents indicates that the documents were delivered on January 21, 2025. A copy of the signed postal confirmation receipt indicating proof of delivery is attached hereto as **Exhibit E.**

27. On January 15, 2025, on behalf of Plaintiff, undersigned counsel also sent by UPS Overnight Mail, signature required, a copy of the process documents along with the substituted service confirmation to Defendant at the 14916 SW 34th Street Address. The UPS Overnight confirmation of the delivery of these documents indicates that the documents were delivered on January 16, 2025. A copy of the signed postal confirmation receipt indicating proof of delivery is attached hereto as **Exhibit F**.

28. Finally, undersigned counsel also sent by email a copy of the process documents along with the substituted service confirmation to five email addresses that undersigned counsel has reason to believe may belong to Defendant and/or Barreto. These email addresses were provided to our firm by the private investigator. Only one bounce-back email was received, but no response has been received to date from the other email addresses. A copy of the email is attached hereto as **Exhibit G**.

29. Section 48.161(3) further provides:

> When an individual or a business entity conceals its whereabouts, the party seeking to effectuate service, after exercising due diligence to locate and effectuate personal service, may use substituted service pursuant to subsection (1) in connection with any action in which the court has jurisdiction over such individual or business entity. The party seeking to effectuate service must also comply with subsection (2); however, a return receipt or other proof showing acceptance of receipt of the notice of service and a copy of the process by the concealed party need not be filed.

30. Where the basis for seeking substituted service was the defendant's failure to maintain an office for a registered agent by failing to keep that office open between the hours required under Fla. Stat. § 48.091, a plaintiff need not file a return receipt or proof of delivery. *See MLB S. Beach Rental Portfolio Manager, LLC v. Epicouture, Inc.*, No. 17-20036-CIV, 2017 WL 11220682, at *2, 4 (S.D. Fla. June 23, 2017), *report and recommendation adopted*, No. 17-20036-CIV, 2017 WL 11220678 (S.D. Fla. July 17, 2017).

31. Based on the foregoing, Plaintiff has met the requirements for substituted service under Fla. Stat. § 48.161.

32. Pursuant to Fed. R. Civ. P. 12, Defendant was required to respond to the Complaint on or before January 10, 2025. *See also* Fla. Stat. § 48.161(7).

33. Defendant has thus far failed to appear, plead, or otherwise defend within the time allowed and, therefore, is now in default.

34. As a result, Plaintiff also requests that the Clerk enter a default against Defendant pursuant to Federal Rule of Civil Procedure 55(a).

35. Under penalties of perjury, I declare that I have read the foregoing affidavit and that the facts stated in it are true.

**FURTHER AFFIANT SAYETH NAUGHT.**

Miami, Florida
January 27, 2025

_____
MARK A. SALKY

STATE OF FLORIDA         )
                         )        SS:
COUNTY OF MIAMI-DADE     )

The foregoing instrument was sworn to and subscribed before me by means of ☐ physical presence or ☐ online notarization, this 27th day of January 2025, by Mark A. Salky who is personally known to me ✓ or who has produced _____ as identification.

_____
Notary Public (Signature)

KAREN MARIE BURKE
Notary Public - State of Florida
Commission # HH 576854
My Comm. Expires Aug 6, 2028

KAREN MARIE BURKE
Printed Name, Notary Public, State of Florida

My Commission Expires 8/4/2028

10