United States District Court
for the
Southern District of Florida

| | |
|---|---|
| JPMorgan Chase Bank, N.A.,<br>Plaintiff,<br><br>v.<br><br>In and Out Appliances, LLC,<br>Defendant. | )<br>)<br>)<br>) Civil Action No. 24-24175-Civ-Scola<br>)<br>)<br>)<br>) |

### Order Granting Motion for Final Default Judgment

Plaintiff JPMorgan Chase Bank, N.A. ("Chase") seeks to recover damages from Defendant In and Out Appliances, LLC, as a result of In and Out Appliances' overdrawing its checking account after depositing counterfeit checks. (Compl., ECF No. 1.) When In and Out Appliances failed to timely appear, answer, or otherwise respond to the complaint, the Clerk entered a default against it. (ECF No. 18.) Chase now seeks the entry of a final default judgment against In and Out Appliances. (Pl.'s Mot., ECF No. 21.) In and Out Appliances has not responded and the time to do so has passed. After careful review of the record, Chase's briefing, and the relevant legal authorities, the Court **grants** Chase's motion for final default judgment (**ECF No. 21**).

1. **Background**[1]

On August 28, 2024, two checks were deposited into In and Out Appliances' Chase account, one for $75,000.00 and one for $245,999.12. (Compl. ¶ 7.) Before those checks were rejected and returned by the issuing bank, as counterfeit, In and Out Appliances made several significant withdrawals. (*Id.* ¶¶ 8–9.) This generated a substantial negative balance in the account, resulting in In and Out Appliances' owing Chase $138,680.91. (*Id.* ¶ 10.)

Chase attempted to contact In and Out Appliances and sent it a letter, demanding payment of the amount owed, but In and Out Appliances never responded. (*Id.* ¶ 11.) In and Out Appliances and Chase's relationship is governed by the "Deposit Account Agreement and Privacy Notice," which In and Out Appliances agreed to when it opened its Chase account. (*Id.* ¶ 6; Agmt., Ex. A, ECF No. 1-3.) Within that agreement, In and Out Appliances agreed to be

---

[1] This background is based on the allegations in the Plaintiff's complaint. "[A] defaulted defendant is deemed to have admitted the movant's well-pleaded allegations of fact." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1339 (11th Cir. 2014).

responsible for any amounts owed on its account and to "immediately pay the amount of any overdraft along with any fees that apply," including interest, as well as any fees incurred based on Chase's efforts to collect that overdraft. (Compl. ¶ 6; Agmt. at 9–10.)

As a result of the overdraft and lack of response from In and Out Appliances, Chase filed its one-count complaint for breach of contract, seeking damages in the amount of the overdraft, interest, overdraft fees, and attorney's fees and costs. (Compl. at 4–5.) The Clerk entered a default against In and Out Appliances (ECF No. 18) and Chase's motion for default judgment followed.

### 2. Legal Standard

Prior to entering a default judgment, the Court must ensure that it has subject-matter jurisdiction over the action and personal jurisdiction over the defendant and that the complaint adequately states a claim upon which relief may be granted. *See Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001). A "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact," as set forth in the operative complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). Granting a motion for default judgment lies within a district court's sound discretion. *See Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). In issuing a default judgment, a court may award damages "without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation," as long as "all essential evidence is already of record." *S.E.C. v. Smyth*, 420 F.3d 1225, 1231, 1232 n.13 (11th Cir. 2005).

### 3. Analysis

Chase has established its entitlement to final default judgment.[2]

To begin, the Court has subject-matter jurisdiction over this action, under 28 U.S.C. § 1332: the parties are diverse (Chase is a citizen of Ohio, while In and Out Appliances is a citizen of Florida) and the amount in controversy exceeds $75,000. (*See* Compl. ¶¶ 1–3, 10.)

Next, the Court has personal jurisdiction over In and Out Appliances. First, In and Out Appliances' principal office is in Florida and its sole member is a Florida citizen, leaving it amenable to this Court's jurisdiction. *See*

---

[2] While Chase's motion is substantively sufficient, the Court notes that Chase's proposed order, attached to its motion and supplied to the Court via electronic mail, is not: it provides neither the legal standards supporting the motion nor any analysis as to why the facts here warrant a finding in Chase's favor. Regardless, rather than denying Chase's motion for this defect, the Court exercises its discretion, in this case, to proceed without the aid of counsel's input in the form of an appropriate proposed order.

*McKesson Corp. v. Benzer Oh 7 LLC*, No. 8:24-CV-1398-WFJ-NHA, 2025 WL 370868, at *3 (M.D. Fla. Feb. 3, 2025) (holding that an LLC "comprised of Floridian members, and/or engaged in business activity in Florida, with an office in Florida" is "subject to the personal jurisdiction of [a Florida] Court"). Second, as set forth in Chase's motion, Chase has properly served In and Out Appliances, via substituted service on the Secretary of State, in compliance with Federal Rules of Civil Procedure 4(h) and 4(e)(1); and Florida Statutes sections 48.062, 48.161, and 48.181. (*See* Pl.'s Mot. at 4–9.)

Continuing, the allegations Chase sets forth in its complaint establish that In and Out Appliances breached the parties' agreement. "For a breach of contract claim, Florida law requires the plaintiff to plead and establish: (1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009). Chase's factual allegations, accepted as true, satisfy these elements.

As set forth in the complaint, upon opening its account with Chase, In and Out Appliances agreed to abide by all the terms and conditions of the "Deposit Account Agreement and Privacy Notice." (Compl. ¶ 6.) In particular, In and Out Appliances agreed to "immediately pay the amount of any overdraft along with any fees that apply," including interest, as well as any fees incurred based on Chase's efforts to collect that overdraft. (*Id.*; Agmt. at 9–10.) In and Out Appliances then overdrew its account and failed to pay the overdraft amount of $138,680.91 or any associated fees. (Compl. ¶¶ 10–11, 18.) These allegations, all set forth in the complaint, sufficiently establish In and Out Appliances' liability in this case.

Lastly, Chase presents a sum certain, supported by an affidavit and unchallenged documentary evidence, showing In and Out Appliances' liability for $138,680.91—the balance due for the overdraft. (Pl.'s Mot. at 10–11; Anderson Decl. ¶ 8, ECF No. 21-1; Ex. A-1, ECF No. 22-1, 6.) Because "all essential evidence [is] already of record," the Court need not hold a hearing to determine the amount of damages. *Smyth*, 420 F.3d at 1233; *see also* Fed. R. Civ. P. 55(b)(1) ("If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing.")

### 4. Conclusion

Based on the findings and conclusions above, the Court **grants** Chase's motion for default judgment (**ECF No. 21**). A separate final judgment will follow, awarding Chase $138,680.91, plus post-judgment interest.

In the meantime, the Court directs the Clerk to **close** this case. Any pending motions are **denied as moot**.

**Done and ordered** in Miami, Florida, on March 14, 2025.

_____
Robert N. Scola, Jr.
United States District Judge